# United States District Court
# Southern District Of Florida

**DOMINICK SAMMARONE**

       **Plaintiff,**

**v.**

**JOHN J. ANASTASIO,**

       **Defendant.**

_____/

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

    PLEASE TAKE NOTICE that defendant removes to this Court the state court action described below.

1.    On March 3, 2011, an action was commenced in the Nineteenth Judicial Circuit in and for Saint Lucie County, entitled Dominick Sammarone, plaintiff v. John J. Anastasio, defendant, Case number 56-2011-CA-000539.

2.    Defendant was served with summons on March 18, 2011, and received a copy of plaintiff's complaint on March 18, 2011.  This Notice is timely.

3.    A copy of all process, pleadings and orders served upon defendant in the state court action are attached hereto as Exhibit "A".

4.     This action arose entirely from legal services arising under and in plaintiff's bankruptcy proceeding under Title 11 of the United States Code and is related to plaintiff's bankruptcy proceeding under Title 11 of the United States Code.

5.     The bankruptcy issues that appear on the face of the complaint are a necessary element of plaintiff's complaint.  Plaintiff's claims arise entirely out of the bankruptcy court action under Title11, the United States Bankruptcy Code and would have no existence, but for that prior bankruptcy action.

6.     The United States Bankruptcy Court is a division of the United States District Court.  The District Court under 28 U.S.C. 157(a) may and does refer all cases under title 11.

7.     The bankruptcy issues arise from the United States Bankruptcy Court for the Southern District of Florida.  The issues thus arise from a case within this District Court.

8.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C.§1331, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §1441(b)as a claim or right arising under Title11, the United States Bankruptcy Code and 11 U.S.C. §1334.

**WHEREFORE**, defendant John J. Anastasio requests that this action be removed to the United States District Court for the Southern District of Florida.

DATED:     April 18, 2011.

                                s/John J. Anastasio

                              John J. Anastasio, Esq.
                              Suite 203
                              3601 South East Ocean Boulevard
                              Stuart, Florida 34996
                              (772) 286-3336
                              Florida Bar #0722367
                              Attorney for the defendant

# EXHIBIT A

## IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT, IN AND FOR ST. LUCIE COUNTY, FLORIDA

**DOMINICK SAMMARONE**, a resident of
the State of Florida,

      Plaintiff,

         v.

**JOHN J. ANASTASIO**, a resident
of the State of Florida;

      Defendants.

_____/

**562011CA000539**

**JUDGE GEIGER**

Case No. ____

Division ____

1. Date of Service: _3-18-11_
2. Time of Service: _9:55am_
3. Server Initials: _Leroy Masler_
4. Server ID#: _08-27_

### SUMMONS:  PERSONAL SERVICE ON AN INDIVIDUAL
### ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO
### CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL

TO/PARA/A:

      John J. Anastasio
      3601 SE Ocean Blvd Ste 203
      Stuart, Florida 349966753

### IMPORTANT

    A lawsuit has been filed against you.  You have **20 calendar days** after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court, located at:  South County Annex, 250 NW Country Club Drive, Port St. Lucie, FL 34986.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be **filed** if you want the Court to hear your side of the case.

    **If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court.**  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the party serving this summons at:

Name and address of party serving summons:

Nicholas T. Steffens, Esq.
Nicholas T. Steffens & Associates, P.A.
5571 N. University Drive, Suite 101
Coral Springs, Florida 33076

**Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request.**

THE STATE OF FLORIDA

**TO EACH SHERIFF OF THE STATE**: You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

DATED: _____MAR 0 3 2011_____

JOSEPH E. SMITH
CLERK OF COURT

CLERK OF THE CIRCUIT COURT

(SEAL)

s/Tywana Wilson

By: _____

Deputy Clerk

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT,
IN AND FOR ST. LUCIE COUNTY, FLORIDA

DOMINICK SAMMARONE, a resident of
the State of Florida,

    Plaintiff,

        v.

JOHN J. ANASTASIO, a resident
of the State of Florida;

    Defendants.

_____/

**562011CA000539**

**JUDGE GEIGER**

Case No. ____

Division ____

JURY TRIAL DEMANDED

Date Served _3-18-11_
Time Served _9:58 AM_
Initials _Leroy Masters_
CPS# _DB-27_

## **COMPLAINT**

Plaintiff, DOMINICK SAMMARONE, by and through his attorney alleges on

information and belief based, *inter alia*, on the investigation of their legal counsel, except as to

those allegations which pertain to the Plaintiff, which are based upon personal knowledge and

belief, as follows:

### **NATURE OF THE ACTION**

1.    This is an action by which Plaintiff seeks redress for actions and inactions of

Plaintiff's legal representative and fiduciary - his attorney in an action seeking to declare

bankruptcy pursuant to United States law - for his extortion of fees, legal malpractice, breach of

fiduciary duty, and breach of contract.

### **JURISDICTION AND VENUE**

2.    This Court has subject matter jurisdiction as the relief sought is in excess of

$15,000.00.

3.    Venue is proper in this judicial district pursuant to Chapter 47.011, Florida Statutes.

**Nicholas T. Steffens & Associates, P.A.**
5571 N. University Drive, Suite 101 | Coral Springs, Florida 33076
(954) 323 -8956 | F: (954) 301-6333 | nick@ntslaw.com

Page 1 of 13

## PARTIES

4.      Dominick Sammarone is an individual residing within the jurisdiction of the court.

5.      John J. Anastasio is a resident of Martin County, Florida and does business in St. Lucie County, Florida.

6.      Defendant Anastasio is a member of the Florida Bar.

## FACTUAL BASIS FOR CLAIMS

7.      On or about September 10, 2009, Plaintiff retained Defendant to represent him in a Bankruptcy proceeding that Plaintiff filed pro se in West Palm Beach, Florida. (Case No. 09-27680-EPK.)

8.      As a result, Plaintiff tendered $5,000.00 to the Defendant for the representation.

9.      At the time, Plaintiff made Defendant aware that he was currently involved in a complex foreclosure proceeding in the Nineteenth Judicial Circuit and the Fourth District Court of Appeal involving four properties in St. Lucie County, Florida.

10.      Plaintiff advised Defendant that he wished to utilize the Bankruptcy proceeding as a way to work with the lenders in the foreclosure matters. Further, Defendant was aware that Plaintiff would need a stay of a pending foreclosure sale that could be provided by the Bankruptcy courts.

11.      On September 21, 2009, Anastasio filed a Notice of Appearance. (See Exhibit "A" - the online docket sheet for the Bankruptcy proceeding as provided by PACER.)

12.      On September 29, 2009, the Bankruptcy Court advised Anastasio that he failed to file a correct Declaration Re: Electronic Filing. Defendant was given 5 days to correct the error.

**Nicholas T. Steffens & Associates, P.A.**
5571 N. University Drive, Suite 101 | Coral Springs, Florida 33076
(954) 323 -8956 | F: (954) 301-6333 | nick@ntslaw.com

Page 2 of 13

13.     On October 7, 2009, Defendant attempted to convert the Chapter 13 Bankruptcy to a Chapter 7 Bankruptcy.  When filing, the Defendant failed to pay the conversion fee or to use the correct event code.

14.     On October 14, 2009, an Agreed Order was entered requiring the Plaintiff to dismiss his Appeal regarding the foreclosure cases and to cease filing papers in the lower court foreclosure action.  In exchange, the mortgagors paid $10,000.00 to St. Jude's Children's Hospital.

15.     At that time the agreement was entered into, Plaintiff was under the impression that he was agreeing to life the Bankruptcy court stay on the foreclosure case.  Defendant never apprised him of anything different.

16.     Plaintiff was unaware of his inability to continue to litigate the Appeal and the lower court cases.  Had he been aware, Plaintiff would never have agreed to the Order.

17.     It is worth noting, that at a hearing later, Defendant advised the court that all that was at issue in the agreement was waiving the stay. (See Exhibit "B", Page 14, Lines 4-7)

18.     For the first time, Defendant transmitted a copy of the Order to Plaintiff on January 15, 2010. (See attached Exhibit "C")

19.     On November 6, 2009, Defendant filed the proper paperwork to convert a Chapter 13 Bankruptcy to a Chapter 7 Bankruptcy.  The filing fee was also paid.

20.     On November 9, 2008, the Trustee sought the dismissal of the Bankruptcy due to Plaintiff's failure to attend a creditors meeting and make pre-confirmation payment plans.

21.     The court granted the dismissal on November 9, 2009.

22.     On November 17, 2009, Defendant filed a Motion to Vacate related to the dismissal.

23.     On January 4, 2010, the dismissal was vacated.

**Nicholas T. Steffens & Associates, P.A.**
5571 N. University Drive, Suite 101 | Coral Springs, Florida 33076
(954) 323 -8956 | F: (954) 301-6333 | nick@ntslaw.com

Page 3 of 13

24.     Again, on January 21, 2010, Defendant was advised that he failed to a correct Declaration Re: Electronic Filing related to a Statement of Current Monthly Income.  Again, five days was given to correct the error.

25.     Defendant failed to correct the error.  It is worth noting that previously, Defendant had fixed the same error.

26.     On January 29, 2010, an Order to Show Cause was entered relating to the case being dismissed. (See Exhibit "E.")

27.     Defendant failed to file a response or advise Plaintiff of the Order.

28.     On February 9, 2010, the case was dismissed.  As a result, the Plaintiff could not refile for Bankruptcy for 180 days.

29.     On June 16, 2010, the undersigned (who represented Plaintiff in his civil foreclosure matter), sent Mr. Anastasio an e-mail requesting that he advise me of the pendency of the Bankruptcy matter. (See Exhibit "F")

30.     On June 10, 2010, Defendant filed a Motion to Shorten Prejudice Period.  Essentially, Plaintiff need an Automatic Stay from the Bankruptcy court in order to prevent the foreclosure sale - one of the clearly articulated goals of the bankruptcy - and Defendant filed this Motion in order to correct the errors he made so a stay could be timely entered.

31.     The court did not accept the Motion as Defendant failed to tender the re-opening fee.

32.     On July 8, 2010, a hearing was held on the Motion.  A transcript of the hearing is attached.

Nicholas T. Steffens & Associates, P.A.
5571 N. University Drive, Suite 101 | Coral Springs, Florida 33076
(954) 323 -8956 | F: (954) 301-6333 | nick@ntslaw.com

Page 4 of 13

33. During the hearing, Defendant admitted that the previous dismissals were the result of "SNAFU[1]" committed by the Defendant and that the dismissal that Defendant was attempting to clear up was a result of his "screw up." (See Exhibit "B", Page 7, Line 1.)

34. At the hearing, the Trustee correctly points out that a Motion to Vacate this dismissal should have been filed more promptly. The Judge specifically pointed out that Defendant proffered no rationale for why "months and months" went by before Defendant sought relief from the dismissal. (See Exhibit B", Page 18, Lines 11-13.)

35. On July 9, 2010, the Motion was denied. (See Exhibit "E")

36. Defendant never advised the undersigned of these events as he was instructed to do.

37. On July 13, 2010, the undersigned, at the direction of the Plaintiff forwarded Defendant an e-mail requesting a return of all funds paid to Defendant by Plaintiff - clearly ending the attorney-client relationship.

38. Despite this, Defendant filed a Circuit Court action against Spirit Investments for violations of state law relating to the mortgages that were foreclosed on July 27, 2010. (Case No. 562010CA004074AXXXHC.)

39. Further, Defendant filed a lis pendens, encumbering the properties that were foreclosed on. These liens were eventually discharged as they were found to be invalid at law.

40. After that time, Plaintiff and Defendant briefly reconciled.

41. Despite the reconciliation, Defendant never advised Plaintiff of the pendency of these proceedings. Specifically, Defendant never apprised Plaintiff of the pendency of a Motion for Sanctions pursuant to Chapter 57.105, Florida Statutes, which could have created attorney fee liability for Plaintiff personally.

---

[1] SNAFU is an abbreviation which stands for "Situation Normal, All F***** Up."

**Nicholas T. Steffens & Associates, P.A.**
5571 N. University Drive, Suite 101 | Coral Springs, Florida 33076
(954) 323 -8956 | F: (954) 301-6333 | nick@ntslaw.com

Page 5 of 13

42.      Further, Defendant filed an Objection to Sale in the underlying foreclosure matter on July 28, 2010.  Again, Defendant did not know of this action being taken.

43.      It is also worth noting that during the reconciliation of the parties, Defendant did not advise Plaintiff of the filed Objection to Sale.

44.      Also, Plaintiff never retained Defendant to work on the civil foreclosure matter.  At that time, the only counsel of record was the undersigned.  Defendant did not provide copies of his pleadings to the undersigned.

45.      Defendant had a hearing on the Objection to Sale on August 17, 2010 without advising Plaintiff or the undersigned.

46.      At the time, Defendant was or should have been aware of the restrictions based on Plaintiff pursuant to the Agreed Order in the Bankruptcy case.  Defendant chose to ignore those restrictions and file pleadings in the civil foreclosure matter.

47.      This action, along with the actions in the Bankruptcy court after the Agreed Order, are subject to a cross-claim in the civil suit brought by the Plaintiff against Spirit Investments. As a result, Plaintiff has had to expend resources, including his time and monies, to defend against that action.

48.      All conditions precedent of the filing of this action have occurred or been waived.

## CAUSES OF ACTION

### COUNT I – LEGAL MALPRACTICE

Plaintiff, Dominick Sammarone, sues the Defendant for legal malpractice and states,

49.      Plaintiff re-alleges all previous allegations and conclusions.

50.      As a result of the attorney-client relationship between Plaintiff and Defendants, Defendants owed Plaintiff various duties, including:

**Nicholas T. Steffens & Associates, P.A.**
5571 N. University Drive, Suite 101 | Coral Springs, Florida 33076
(954) 323 -8956 | F: (954) 301-6333 | nick@ntslaw.com

Page 6 of 13

a.  the duty of care, which requires an attorney to have the knowledge and skill necessary to confront the circumstances of each case;

b.  the duty to represent and handle the client's affairs with the utmost degree of honesty, forthrightness, loyalty and fidelity; and

c.  fiduciary duties, including the duty to make full and fair disclosure of material facts.

51.   Rather than honor these duties owed to Plaintiff, Defendants breached their duties to Plaintiff by, *inter alia*:

a.  Failing to keep Plaintiff apprised of the status of the bankruptcy proceedings.

b.  Continuing to fail to file the correct documents, resulting in the bankruptcy's dismissal.

c.  Filing documents without Plaintiff's approval or even notice to the Plaintiff.

d.  Filing a lis pendens when it was not permitted by law on behalf of the Plaintiff without prior consultation.

52.   By reason of the foregoing, Plaintiff has been damaged in a sum to be determined in accordance with evidence adduced at trial, but believed to be not less than Two Hundred Fifty Thousand Dollars ($250,000.00.)

53.   By reason of Defendants' malpractice they are required to return all compensation for services rendered.

54.   But for the actions of the Defendant, Plaintiff would have never agreed to the sale of his properties, received an appropriate discharge in bankruptcy, and avoided the cross-claim filed by Spirit Investment's attorneys.

55.   The acts of Defendants constitute a conscious, malicious and intentional disregard of Plaintiff's rights.  Plaintiff specifically reserves his right to amend this complaint to plead punitive damages as required by Florida Law.

**WHEREFORE,** the Plaintiff respectfully requests that this Court take jurisdiction of Count I and render judgment against the Defendant in his favor in an amount to be determined at

Nicholas T. Steffens & Associates, P.A.
5571 N. University Drive, Suite 101 | Coral Springs, Florida 33076
(954) 323 -8956 | F: (954) 301-6333 | nick@ntslaw.com

Page 7 of 13

trial but not less than Two Hundred Fifty Thousand Dollars ($250,000.00) in compensatory damages, award them interest and costs and such other relief as the Court deems just and equitable.  Plaintiff explicitly reserves the right to amend this complaint to plead punitive damages upon a showing of gross negligence or intentional misconduct.

## COUNT II – BREACH OF FIDUCIARY DUTY

Plaintiff sues Defendant for breach of fiduciary duty and states,

56.     Plaintiff re-alleges the allegations and conclusions made in paragraphs 1-46.

57.     As a result of the fiduciary relationship between Plaintiff and Defendants, and the tremendous amount of trust and confidence reposed in Defendants by Plaintiff, Defendants owed certain fiduciary duties, including a duty to act with the utmost degree of honesty, forthrightness, loyalty and fidelity.

58.     Defendants breached their fiduciary duty to Plaintiff by, *inter alia*:

a.     Failing to keep Plaintiff apprised of the status of the bankruptcy proceedings.

b.     Continuing to fail to file the correct documents, resulting in the bankruptcy's dismissal.

c.     Filing documents without Plaintiff's approval or even notice to the Plaintiff.

d.     Filing a lis pendens when it was not permitted by law on behalf of the Plaintiff without prior consultation.

59.     By reason of the foregoing, Plaintiff has been damaged in a sum to be determined in accordance with evidence adduced at trial, but believed to be not less than Two Hundred Fifty Thousand Dollars ($250,000.00.)

60. In addition, by reason of Defendants being faithless fiduciaries, they are required to return all compensation for services rendered.

**Nicholas T. Steffens & Associates, P.A.**
5571 N. University Drive, Suite 101 | Coral Springs, Florida 33076
(954) 323 -8956 | F: (954) 301-6333 | nick@ntslaw.com

Page 8 of 13

61.     The acts of Defendants constitute a conscious, malicious and intentional disregard of Plaintiff's rights.  Plaintiff specifically reserves his right to amend this complaint to plead punitive damages as required by Florida Law.

**WHEREFORE,** the Plaintiff respectfully requests that this Court take jurisdiction of Count II and render judgment against the Defendant in his favor in an amount to be determined at trial but not less than Two Hundred Fifty Thousand Dollars ($250,000.00) in compensatory damages, award them interest and costs and such other relief as the Court deems just and equitable.  Plaintiff explicitly reserves the right to amend this complaint to plead punitive damages upon a showing of gross negligence or intentional misconduct.

## COUNT III – BREACH OF CONTRACT

Plaintiff sues the Defendants for breach of contract and states,

62.     Plaintiff re-alleges the allegations and conclusions made in paragraphs 1-46.

63.     Defendants expressly and impliedly represented to Plaintiff that they would represent Plaintiff in connection with all proceedings in connection with the bankruptcy, that they had the skill necessary to represent Plaintiff , that they would exercise that degree of care skill and diligence commonly possessed by a member of the local legal community and that the Defendants would represent Plaintiff with honesty, forthrightness, loyalty and fidelity to Plaintiff.

64.     Defendants breached their contractual duties to Plaintiffs by, *inter alia*:

a.      Failing to keep Plaintiff apprised of the status of the bankruptcy proceedings.

b.      Continuing to fail to file the correct documents, resulting in the bankruptcy's dismissal.

c.      Filing documents without Plaintiff's approval or even notice to the Plaintiff.

**Nicholas T. Steffens & Associates, P.A.**
5571 N. University Drive, Suite 101 | Coral Springs, Florida 33076
(954) 323 -8956 | F: (954) 301-6333 | nick@ntslaw.com

Page 9 of 13

d.   Filing a lis pendens when it was not permitted by law on behalf of the Plaintiff without prior consultation.

65.   By reason of the foregoing, Plaintiff has been damaged in a sum to be determined in accordance with evidence adduced at trial, but believed to be not less than Two Hundred Fifty Thousand Dollars ($250,000.00.)

66.   In addition, by reason of Defendants being faithless fiduciaries, they are required to return all compensation for services rendered.

67.   The acts of Defendants constitute a conscious, malicious and intentional disregard of Plaintiff's rights.  Plaintiffs specifically reserves his right to amend this complaint to plead punitive damages as required by Florida Law.

**WHEREFORE,** the Plaintiffs respectfully requests that this Court take jurisdiction of Count III and render judgment against the Defendant in his favor in an amount to be determined at trial but not less than Two Hundred Fifty Thousand Dollars ($250,000.00) in compensatory damages, award them interest and costs and such other relief as the Court deems just and equitable.  Plaintiff explicitly reserves the right to amend this complaint to plead punitive damages upon a showing of gross negligence or intentional misconduct.

## COUNT IV – UNJUST ENRICHMENT

Plaintiff sues the Defendant for unjust enrichment and states,

68.   Plaintiff re-alleges the allegations and conclusions made in paragraphs 1-46.

69.   Plaintiff conferred a benefit to the Defendant, which the Defendant gladly accepted and retained, and the retention of said benefit, specifically the retainer is inequitable due to the malfeasance on part of Defendants.

70.   Defendants became unjustly enriched to the detriment of the Plaintiffs by *inter alia*:

a.   Failing to keep Plaintiff apprised of the status of the bankruptcy proceedings.

**Nicholas T. Steffens & Associates, P.A.**
5571 N. University Drive, Suite 101 | Coral Springs, Florida 33076
(954) 323 -8956 | F: (954) 301-6333 | nick@ntslaw.com

Page 10 of 13

b.   Continuing to fail to file the correct documents, resulting in the bankruptcy's dismissal.

c.   Filing documents without Plaintiff's approval or even notice to the Plaintiff.

d.   Filing a lis pendens when it was not permitted by law on behalf of the Plaintiff without prior consultation.

71.   By reason of the foregoing, Plaintiff has been damaged in a sum to be determined in accordance with evidence adduced at trial, but believed to be not less than Two Hundred Fifty Thousand Dollars ($250,000.00.)

72.   In addition, by reason of Defendants being faithless fiduciaries, they are required to return all compensation for services rendered.

73.   The acts of Defendants constitute a conscious, malicious and intentional disregard of Plaintiffs' rights.  Plaintiffs specifically reserves his right to amend this complaint to plead punitive damages as required by Florida Law.

**WHEREFORE,** the Plaintiffs respectfully request that this Court take jurisdiction of Count IV and render judgment against the Defendant in his favor in an amount to be determined at trial but not less than Two Hundred Fifty Thousand Dollars ($250,000.00) in compensatory damages, award them interest and costs and such other relief as the Court deems just and equitable.  Plaintiff explicitly reserves the right to amend this complaint to plead punitive damages upon a showing of gross negligence or intentional misconduct.

### COUNT V – FRAUDULENT INDUCEMENT

Plaintiff sues the Defendant for fraudulent inducement and states,

74.   Plaintiff re-alleges the allegations and conclusions made in paragraphs 1-46.

**Nicholas T. Steffens & Associates, P.A.**
5571 N. University Drive, Suite 101 | Coral Springs, Florida 33076
(954) 323 -8956 |,F: (954) 301-6333 | nick@ntslaw.com

Page 11 of 13

75.     Defendant knowingly advised Plaintiff that their representation of Plaintiff was in accord with local standards of conduct, specifically that Plaintiff could receive a discharge in bankruptcy and that Defendant would prepare all necessary and legal filings to do so.

76. Defendant fraudulently induced Plaintiffs by, *inter alia*:

   a.   Failing to advise the Plaintiff that he lacked the requisite knowledge and experience to file a Chapter 13 bankruptcy, fully explain a settlement agreement, convert a Chapter 13 Bankruptcy into a Chapter 7 Bankruptcy, and meet deadlines in order to avoid dismissal.

   b.   Promising to keep the Plaintiff advised of all actions in the Bankruptcy case and other legal proceedings.

   c.   Comply with the law with regard to all filings - specifically the illegal lis pendens.

77.     By reason of the foregoing, Plaintiff has been damaged in a sum to be determined in accordance with evidence adduced at trial, but believed to be not less than Two Hundred Fifty Thousand Dollars ($250,000.00.)

78.     In addition, by reason of Defendants being faithless fiduciaries, they are required to return all compensation for services rendered.

79.     The acts of Defendants constitute a conscious, malicious and intentional disregard of Plaintiffs' rights.  Plaintiffs specifically reserves his right to amend this complaint to plead punitive damages as required by Florida Law.

   **WHEREFORE,** the Plaintiffs respectfully request that this Court take jurisdiction of Count V and render judgment against the Defendant in his favor in an amount to be determined at trial but not less than Two Hundred Fifty Thousand Dollars ($250,000.00) in compensatory damages, award them interest and costs and such other relief as the Court deems just and equitable.  Plaintiff explicitly reserves the right to amend this complaint to plead punitive damages upon a showing of gross negligence or intentional misconduct.

**Nicholas T. Steffens & Associates, P.A.**
5571 N. University Drive, Suite 101 | Coral Springs, Florida 33076
(954) 323 -8956 | F: (954) 301-6333 | nick@ntslaw.com .

Page 12 of 13

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and relief as follows, where applicable:

1. Awarding compensatory damages in favor of Plaintiff against the Defendant for the damages sustained as a result of the wrongful conduct alleged and as will be established through discovery and/or at trial, together with interest thereon.

2. Awarding punitive damages to Plaintiff against all of the Defendant for the egregiously wrongful conduct alleged herein after proper amendment of this Complaint.

3. Granting restitution to Plaintiff.

4. Awarding of attorney's fees, suit monies and costs.

5. And such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a jury trial.

Dated: _____ day of February 2011

Respectfully submitted,

**NICHOLAS T. STEFFENS & ASSOCIATES, P.A.**

Nicholas T. Steffens
Florida Bar No. 0010873
Nicholas T. Steffens & Associates, P.A.
5571 N. University Drive, Suite 101
Coral Springs, Florida 33076
T: (954) 323-8956
F: (954) 301-6333

**Nicholas T. Steffens & Associates, P.A.**
5571 N. University Drive, Suite 101 | Coral Springs, Florida 33076
(954) 323-8956 | F: (954) 301-6333 | nick@ntslaw.com

Page 13 of 13

EXHIBIT "A"

Juan J. Anastasio
Counselor-At-Law

3601 South East Ocean Boulevard, Suite 203
Stuart, Florida 34996
(772) 288-3336

BANKRUPTCY LEGAL FEE AND COSTS AGREEMENT

| | |
|---|---|
| Date: | 10 September 2009 |
| Client: | Dominick F. Sammarone |
| Address: | 588 S.W. Saint Johns Bay, Port Saint Lucie, Florida 34986 |
| Phone: | (646) 298-1988 |
| Email: | DFSAMMARONE@AOL.COM |
| Matter: | *In re: Dominick F. Sammarone* .     Case No. 09-27680-EPK |
| Type of Case: | Chapter 13 Bankruptcy |
| Services: | a) Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy; |
| | b) Preparation and filing of any petition, schedule, statement of financial affairs and plan which may be required; |
| | c) Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings |
| | d) Any necessary amendments to petition, schedules or statements. (Clerk's filing fee extra.) |

Flat Fee:        $3,500.000

Litigation fee:    $375.00 per hour.  Retainer for motions and other litigation $1,500.00, due on or before September 18, 2009.

2.    PAYMENT SCHEDULE:

Retainer: $3,500.00 due on signing.  $1,500.00 ligation retainer due on or before September 18, 2009.

3.    REPRESENTATION:

(a)    John J. Anastasio, Esq. (hereafter referred to as the attorney) agrees to represent Client, on the matter described above on the terms and conditions and for the compensation listed below.

(b)    . The attorney agrees to represent the Client in the above matter provided the Client fully retains John J. Anastasio, Esq., and the Client performs all of the terms of this agreement.  The attorney does not represent the client, unless the retainer is paid in full.

4.    OTHER MATTERS:

(a)    Attorney's representing the Client in this matter does not mean the attorney represents the Client in other matters. A related matter will be considered separate if it involved services not specified under services in paragraph.  This agreement only covers the case and services specified above

(b)    Any other services would be subject to a separate legal fee agreement and separate fee.  Services outside those listed in paragraph 1(a) through (d) above are billed at a rate of $275.00 per hour.

5.    CLIENT:

(a)    The attorney represents the named client only. However, the client authorizes the attorney to talk with such persons and to disclose such information pertaining to the client's case, as the attorney deems in his absolute discretion, to be convenient and appropriate to represent the client.

(b)    The client shall speak to no one but the attorney about their case, including friends, relatives, court personnel and other attorneys, with the consent of the attorney.

6.    COMMENCEMENT OF REPRESENTATION:

(a)    Representation begins only on the receipt by the attorney of the entire fee required by this agreement. Should the client pay only part of the fee, the Client's money will be placed into the attorney's trust account until the retainer and costs are paid in full. The acceptance of partial payment shall not constitute a waiver of the requirement of the payment of the full retainer and all costs.
b)    Flat Fee: The flat fee is a payment of attorney's fees paid in advance by the Client to hire an attorney.  It is used to cover charges for reasonably foreseeable work. THIS FLAT FEE IS NON-REFUNDABLE AND IS EARNED UPON RECEIPT.

7.    ATTORNEY'S FEES:

(a)    Attorney fees are the compensation paid for the professional services rendered by the attorney. Attorney's fees are based on the time the attorney spends handling the Client's case, its relative difficult in terms of legal questions, parties and preclusion of other work by the attorney.

(b)    THIS IS A FIXED FEE AGREEMENT. Estimates of time, attorney's fees and expenses are based on the time the attorney estimates it may take to handle your case.  The actual time spent by the attorney will vary from any estimate of time because the attorney cannot know in advance all of the future developments in the Client's case.  The flat fee reflects this uncertainty.

(c)    THIS IS NOT A CONTINGENCY FEE CASE: Neither the amount of the attorney's fees nor responsibility for them can be based on the outcome of the case or any aspect or phase of it. There is no guaranty of result. Neither client's liability for the fee, or the amount of the fee shall be based on client's satisfaction with results.

(d)  .    THIS IS NOT AN HOURLY FEE AGREEMENT.

8.    RESPONSIBILITY FOR THE ATTORNEY'S FEES AND COSTS:

The Client is directly responsible for the attorney's fee, expenses and costs incurred in connection with the above matter. This is true whether or not there is a possibility that a court may order someone else to pay all or part of your attorney's fees and costs. Ordinarily, the opposing party will not be required to pay your legal fees absent a written agreement that he or she does so, or by a statute that requires it.

9.    EXPENSES:

The attorney's expenses include filing fees, clerk's fees, court reporter charges, long distance telephone charges, courier and telegraph fees, facsimile transmission charges, travel expenses, computer research charges, display preparations, investigation fees, photocopy charges, out of pocket advances, certified mail exhibit preparation charges and other exceptional postage.

10.    COOPERATION:

(a)    Client represents that there is no other attorney (except a referring attorney, if any) representing Client in this matter and no other attorney claims a lien or compensation of any kind in connection with the subject matter of this agreement.

(b)    Client agrees to give the attorney full cooperation at all times, and shall be available at all reasonable hours and times at the attorney's office or elsewhere for the purpose of handling this case.  Client should understand that Client may be required to

appear in person in the county where the matter is litigated for questioning by the opposing counsel prior to trial.

(c)    The client will be required to appear in court for trial and pretrial appearances. In the case of a criminal case, if the client does not appear, a warrant for the client's arrest may be issued, over which the attorney has no control. In the case of a civil case, if the client does not appear, a default may be entered against the client, which means the client loses. It is the client's responsibility to appear for all court appearances upon being given notice of those court appearances.

**11.    WITHDRAWAL:**

The attorney reserves the right to withdraw from representing the Client if:

(a)    the client fails to pay the attorney pursuant to this agreement;
(b)    the Client requires the attorney to provide services which the attorney reasonably believes are criminal or fraudulent;
(c)    the Client has misused the attorney's services for criminal or fraudulent purposes;
(d)    the attorney considers the client's purposes repugnant or imprudent;
(e)    the Client fails to abide by the terms of this agreement and the attorney has given the Client notice that continued representation will be conditioned on fulfillment of the terms of this agreement;
(f)    the client fails to follow the attorney's advice.;
(g)    the client attempts to control the handling of the case;
(h)    the client fails to appear for court, depositions, mediation or other court ordered or required appearances.
(i)    the client threatens a complaint with the Florida Bar or threatens to sue the attorney; or
(j)    other good cause for withdrawal exists, as may be determined by the attorney.

**12.    DEFAULT:**

(a)    In the event the client was to default in the performance of any paragraph of this agreement, upon written demand by attorney. client agrees to grant attorney a timely and perfected security interest/mortgage, i.e. in all of client's property, whether real. Or personal wherever located, to the extent of all sum then due the attorney and plus the sum of all future legal fees, expenses.

(b)    Such liens shall also include any court costs that the attorney reasonable anticipates and will expend in performance of this agreement. The conveyance of the security shall be within 5 days of demand on such forms, as the attorney deems necessary and convenient to record the same. Client shall be liable for all documentary stamp taxes, intangibles taxes and recording fees incurred by the attorney in recording and release of the instruments. Should client fail to grant the security or mortgage interest requested, a court of competent jurisdiction shall grant specific performance of this paragraph of the agreement.

(c)    Enforcement of a lien or suit by the attorney shall not preclude the attorney from withdrawing form this matter.

(d)    Client further agrees that the attorney, at.his sole discretion, may suspend or terminate performance of representation until the default is cured in its entirety. The attorney shall bear no ethical, professional or legal responsibility for inaction during the time of suspension or termination.

**13.    ATTORNEY'S FEES ON DEFAULT OR DISPUTE**

(a)    If the services of any lawyer are used to enforce the terms of this agreement, Client agrees to pay a reasonable attorney's fee for these services. In any dispute between the parties before a court, each party waives the right to a jury trial.

(b)    In the event that the client sues the attorney or files a complaint against the attorney with the Florida Bar, the client shall pay for all attorney fees incurred by the attorney. In addition, to the time spent by an attorney hired to defend the attorney John J. Anastasio, Esq., on such matters, any time spent by the attorney John J. Anastasio, Esq. in such matters shall be also be deemed attorney time. The client agrees that a reasonable hourly rate by the attorney and his attorney shall be $250.00 per hour.

**14.    ENFORCEMENT**

(a)    In addition to any other lien contemplated, the attorney is given by the client, a lien on the claim or cause of action, on the sum recovered by way of settlement, and on any judgment that may be recovered. This is known as a charging lien.

(b)    The client further gives such liens for fees as well as for any funds the attorney may have advanced on the Client's behalf for costs or expenses in connection with the claim or cause of action. Client agrees that the attorney shall have all general, possessory or retaining liens, and all special or charging liens known to the common law.

(c)    The client waives all exemptions under Florida law to the maximum extent permitted by law including wage garnishment of the client in excess of $500.00 per week, whether or not the client is a head of household.

**15.    COMPLAINTS ABOUT THE ATTORNEY**

(a)    The client is aware that the client has the right to complaint to the Florida Bar, if the attorney violates Florida Bar rules. The client agrees never to complaint to the Florida Bar about the attorney, until the client first notifies the attorney in writing of a problem and gives the attorney ten days to respond in writing with an explanation to the client and proposed solution. This does not preclude the attorney or the client from additionally speaking to each other about any problem. The intent of this provision is to resolve potential problems as soon as they arise, given that 90% of Florida Bar complaints are found to be unfounded.

(b)    In the event the client files a complaint with The Florida Bar, the client consents to grievance mediation as allowed by The Florida Bar Rules.

(c)    The client agrees that in the event the client complains to the Florida Bar and is found not to have violated Bar rules, the client shall be liable for attorneys fees as provided for in paragraph 12 (b) of this agreement.

**16.    DISCLAIMER OF WARRANTY**

The attorney makes no warranty as to the successful termination of the cause of action, and all expressions made by the attorney relative to the outcome are matters of opinion only. Client agrees that the attorney has made no representation, promise, agreement, or understanding other than as specified in this agreement.

**17.    GOVERNING LAW:**

The laws of Florida shall govern the construction and interpretation of this agreement. This agreement shall not be construed against either party for the reason of the identity of its drafter. Any action brought concerning this agreement shall be brought in the courts of St. Lucie County, Florida.

**18.    FILE DISPOSAL**

The client consents to the destruction of the clients file in this matter, three years from the conclusion of this matter. Conclusion shall mean settlement, dismissal of the action, entry of a final judgment, sentencing or decision on appeal, if the matter is appealed.

**19.    MODIFICATION:**

This agreement may not be modified except by writing signed by all parties. An oral agreement modifying this agreement is not binding.

The client agrees that the attorney shall represent the Client on the terms and conditions listed above and the attorney agrees to represent the client.

**20.    UNDERSTANDING OF LEGAL FEE AGREEMENTAGREEMENT**

THIS IS A LEGALLY BINDING AGREEMENT. SIGNING BELOW ACKNOWLEDGES THAT THE CLIENT HAS READ, UNDERSTANDS AND AGREED TO ALL TERMS. THE CLIENT ACKNOWLEDGES THAT THE CLIENT HAS HAD AN OPPORTUNITY TO ASK QUESTIONS ABOUT THIS AGREEMENT AND THAT ALL QUESTIONS HAVE BEEN ANSWERED.

John J. Anastasio, Attorney                    Dominick F. Sammarone, Client

EXHIBIT "B"

DISMISSED, DebtEd, CONVERTED, CLOSED

**U.S. Bankruptcy Court**
**Southern District of Florida (West Palm Beach)**
**Bankruptcy Petition #: 09-27680-EPK**

| | |
|---|---|
| *Assigned to:* Erik P. Kimball | *Date filed:* 08/25/2009 |
| Chapter 7 | *Date converted:* 11/06/2009 |
| Previous chapter 13 | *Date terminated:* 03/10/2010 |
| Voluntary | *Debtor dismissed:* 02/09/2010 |
| No asset | |

*Debtor disposition:* Dismissed for Failure to File Information

| | |
|---|---|
| ***Debtor*** | represented by **John J Anastasio, Esq** |
| **Dominick F. Sammarone** | 3601 SE Ocean Blvd #203 |
| 588 SW Saint Johns Bay | Stuart, FL 34996 |
| Port St. Lucie, FL 34986 | (772) 286-3336 |
| SSN / ITIN: xxx-xx-5928 | Email: john@psllaw.net |

***Trustee***
**Robin R Weiner**
www.ch13weiner.com
POB 559007
Fort Lauderdale, FL 33355
954-382-2001
*TERMINATED: 01/05/2010*

***Trustee***
**Michael R Bakst**
PMB 702
222 Lakeview Ave #160
West Palm Beach, FL 33401
561-838-4539

***U.S. Trustee***
**Office of the US Trustee**
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130
(305) 536-7285

| Filing Date | # | Docket Text |
|---|---|---|
| 08/25/2009 | 1 | Chapter 13 Voluntary Petition (Eisenberg, Randy) (Entered: 08/25/2009) |
| 08/25/2009 | 2 | Certification of Budget and Credit Counseling Course by Debtor Filed by Debtor Dominick F. Sammarone . (Eisenberg, Randy) (Entered: 08/25/2009) |
| 08/25/2009 | 3 | Notice of Deadline to Correct Filing Deficiency to Avoid Dismissal of Case Without Further Notice. [Deficiency Must be Cured by 9/1/2009].Creditor Matrix Due: 9/1/2009.Statement of Social Security Number Due 9/1/2009. Conforming Official Form 1 Due 9/1/2009. (Eisenberg, Randy) (Entered: 08/25/2009) |
| 08/25/2009 | 4 | Notice of Deficiency Chapter 13 Plan due by 9/9/2009. Schedule G due 9/9/2009. Schedule H due 9/9/2009. Schedule I due 9/9/2009. Schedule J due 9/9/2009.Statement of Financial Affairs Due 9/9/2009.Declaration Concerning Debtors Schedules Due: 9/9/2009.Statement of Current Monthly Income and Disposable Income Calculation Due: 9/9/2009. Payment Advices due for Debtor 9/9/2009. [Incomplete Filings due by 9/9/2009]. (Eisenberg, Randy) (Entered: 08/25/2009) |
| 08/25/2009 | 5 | Case Checked and Notice of Requirement to File a Certificate of Completion of a Financial Management Course. (Romaguera-Serfaty, Maria) (Entered: 08/25/2009) |
| 08/25/2009 | | Receipt of Chapter 13 Filing Fee - $274.00 by LA. Receipt Number 00131228. (admin) (Entered: 08/25/2009) |

| 08/27/2009 | ⊕6 | BNC Certificate of Mailing (Re: 4 Notice of Deficiency Chapter 13 Plan due by 9/9/2009. Schedule G due 9/9/2009. Schedule H due 9/9/2009. Schedule I due 9/9/2009. Schedule J due 9/9/2009.Statement of Financial Affairs Due 9/9/2009.Declaration Concerning Debtors Schedules Due: 9/9/2009.Statement of Current Monthly Income and Disposable Income Calculation Due: 9/9/2009. Payment Advices due for Debtor 9/9/2009. [Incomplete Filings due by 9/9/2009.] Service Date 08/27/2009. (Admin.) (Entered: 08/28/2009) |
|---|---|---|
| 08/27/2009 | ⊕7 | BNC Certificate of Mailing (Re: 5 Case Checked and Notice of Requirement to File a Certificate of Completion of a Financial Management Course.) Service Date 08/27/2009. (Admin.) (Entered: 08/28/2009) |
| 08/27/2009 | ⊕8 | BNC Certificate of Mailing (Re: 3 Notice of Deadline to Correct Filing Deficiency to Avoid Dismissal of Case Without Further Notice. [Deficiency Must be Cured by 9/1/2009].Creditor Matrix Due: 9/1/2009.Statement of Social Security Number Due 9/1/2009. Conforming Official Form 1 Due 9/1/2009.) Service Date 08/27/2009. (Admin.) (Entered: 08/28/2009) |
| 08/28/2009 | ⊕9 | Motion for Relief from Stay [Fee Amount $150] [13cal] Filed by Creditor Spirit Investments and Management, LLC. (Merrill, David) (Entered: 08/28/2009) |
| 08/28/2009 | | Receipt of Motion for Relief From Stay(09-27680-EPK) [motion,mrlfsty] ( 150.00) Filing Fee. Receipt number 6116202. Fee amount 150.00. (U.S. Treasury) (Entered: 08/28/2009) |
| 08/31/2009 | ⊕12 | Statement of Debtor(s) Social Security Number(s) [*Document Image Available ONLY to Court Users*] Filed by Debtor Dominick F. Sammarone (Re: 3 Notice of Deadline to Correct Deficiency). (Eisenberg, Randy) (Entered: 09/01/2009) |
| 08/31/2009 | ⊕13 | Exhibit D- Individual Statement of Compliance Filed by Debtor Dominick F. Sammarone (Re: 2 Certification of Budget and Credit Counseling Course). (Eisenberg, Randy) (Entered: 09/01/2009) |
| 09/01/2009 | ⊕10 | Notice of Hearing (Re: 9 Motion for Relief from Stay [Fee Amount $150] [13cal] Filed by Creditor Spirit Investments and Management, LLC.) Chapter 13 Hearing scheduled for 09/17/2009 at 09:30:00 AM at 1515 N Flagler Dr Room 801 Courtroom B, West Palm Beach. (Klopp, Cindy) (Entered: 09/01/2009) |
| 09/01/2009 | ⊕11 | Certificate of Service *of Notice of Hearing on Motion for Relief from Stay filed by Creditor Spirit Investments and Management, LLC* by Attorney David L Merrill (Re: 10 Notice of Hearing). (Merrill, David) (Entered: 09/01/2009) |
| 09/01/2009 | ⊕14 | Notice of Filing Matrix , Filed by Debtor Dominick F. Sammarone (Re: 3 Notice of Deadline to Correct Deficiency). (Eisenberg, Randy) (Entered: 09/01/2009) |
| 09/04/2009 | ⊕15 | Notice of Appearance and Request for Service by Mariam Zaki Filed by Creditor HSBC Bank USA, N.A., as Trustee. (Zaki, Mariam) (Entered: 09/04/2009) |
| 09/09/2009 | ⊕16 | Motion to Extend Time to File Required Information Pursuant to 11 USC Section 521a, [13cal] Filed by Debtor Dominick F. Sammarone . (Eisenberg, Randy) (Entered: 09/10/2009) |
| 09/09/2009 | ⊕17 | Response to ( 9 Motion for Relief from Stay [Fee Amount $150] filed by Creditor Spirit Investments and Management, LLC) Filed by Debtor Dominick F. Sammarone (Eisenberg, Randy) (Entered: 09/10/2009) |
| 09/11/2009 | ⊕18 | Certificate of Contested Matter Filed by Creditor Spirit Investments and Management, LLC (Re: 9 Motion for Relief from Stay [Fee Amount $150] filed by Creditor Spirit Investments and Management, LLC). (Merrill, David) (Entered: 09/11/2009) |
| 09/17/2009 | ⊕19 | Re Notice of Hearing (Re: 9 Motion for Relief from Stay [Fee Amount $150] [13cal] Filed by Creditor Spirit Investments and Management, LLC.) Chapter 13 Hearing scheduled for 09/24/2009 at 09:30:00 AM at 1515 N Flagler Dr Room 801 Courtroom B, West Palm Beach. (Klopp, Cindy) (Entered: 09/17/2009) |
| 09/17/2009 | ⊕20 | Certificate of Service by Attorney David L Merrill (Re: 10 Notice of Hearing). (Merrill, David) (Entered: 09/17/2009) |
| 09/17/2009 | ⊕21 | Certificate of Service by Attorney David L Merrill (Re: 19 Notice of Hearing Amended/Renoticed/Continued). (Merrill, David) (Entered: 09/17/2009) |
| 09/18/2009 | ⊕22 | Order Granting Motion to Extend Time to File Schedules/Plan/Required Information. Deadline Extended through 09/28/09. (Re: # 16 ) (Eisenberg, Randy) (Entered: 09/18/2009) |
| 09/20/2009 | ⊕23 | BNC Certificate of Mailing - PDF Document (Re: 22 Order Granting Motion to Extend Time to File Schedules/Plan/Required Information. Deadline Extended through 09/28/09.) Service Date 09/20/2009. (Admin.) (Entered: 09/21/2009) |

| | | |
|---|---|---|
| 09/21/2009 | 24 | Notice of Appearance and Request for Service by John J Anastasio Esq Filed by Debtor Dominick F. Sammarone. (Anastasio, John) (Entered: 09/21/2009) |
| 09/21/2009 | 25 | Certificate of Service by Attorney John J Anastasio Esq (Re: 24 Notice of Appearance filed by Debtor Dominick F. Sammarone). (Anastasio, John) (Entered: 09/21/2009) |
| 09/23/2009 | 26 | Certificate of Service *of the Expedited Motion to Lift Automatic Stay* by Attorney David L Merrill (Re: 9 Motion for Relief from Stay [Fee Amount $150] filed by Creditor Spirit Investments and Management, LLC). (Merrill, David) (Entered: 09/23/2009) |
| 09/25/2009 | 27 | Notice of Taking Deposition of Dominick F. Sammarone on October 7, 2009 at 9:30 am *pursuant to Bankruptcy Rules 7030 and 9014* Filed by Creditor Spirit Investments and Management, LLC. (Merrill, David) (Entered: 09/25/2009) |
| 09/28/2009 | 28 | Order Setting Evidentiary Hearing (Re: 9 Motion for Relief From Stay filed by Creditor Spirit Investments and Management, LLC, 17 Response filed by Debtor Dominick F. Sammarone). Evidentiary Hearing scheduled for 10/09/2009 at 09:30:00 AM at 1515 N Flagler Dr Room 801 Courtroom B, West Palm Beach. (Adam, Lorraine) (Entered: 09/28/2009) |
| 09/28/2009 | 29 | Payment Advices by Debtor Filed by Debtor Dominick F. Sammarone. (Anastasio, John) (Entered: 09/28/2009) |
| 09/28/2009 | 30 | Chapter 13 Plan Filed by Debtor Dominick F. Sammarone (Anastasio, John) (Entered: 09/28/2009) |
| 09/28/2009 | 31 | Schedules Filed: [Schedules G-J] Filed by Debtor Dominick F. Sammarone. (Anastasio, John) (Entered: 09/28/2009) |
| 09/28/2009 | 32 | Schedules Filed: [Statement of Financial Affairs] Filed by Debtor Dominick F. Sammarone. (Anastasio, John) (Entered: 09/28/2009) |
| 09/28/2009 | 33 | Statement of Current Monthly Income and Disposable Income Calculation Filed by Debtor Dominick F. Sammarone. (Anastasio, John) (Entered: 09/28/2009) |
| 09/28/2009 | 34 | Declaration re: *Concerning Debtors Schedules* Filed by Debtor Dominick F. Sammarone. (Anastasio, John) (Entered: 09/28/2009) |
| 09/29/2009 | 35 | Meeting of Creditors to be Held on 11/2/2009 at 09:00 AM at 1515 N Flagler Dr Room 870, West Palm Beach. Proofs of Claim due by 2/1/2010. Last Day to Oppose Discharge or Dischargeability is 1/4/2010. Objection to Confirmation Deadline: 11/2/2009. Confirmation Hearing to be Held on 12/11/2009 at 01:00 PM at 1515 N Flagler Dr Room 801 Courtroom B, West Palm Beach. (Adam, Lorraine) (Entered: 09/29/2009) |
| 09/29/2009 | 36 | Notice to Filer of Apparent Filing Deficiency: **Document filed was not accompanied by the Local Form** *Declaration Regarding Electronic Filing.* **THE FILER IS DIRECTED TO FILE THE APPROPRIATE DECLARATION RE: ELECTRONIC FILING AND CORRECTLY LINK TO THE BALANCE OF SCHEDULES AND STATEMENT OF MONTHLY INCOME WITHIN FIVE BUSINESS DAYS. FAILURE TO COMPLY WILL RESULT IN THIS PAPER BEING STRICKEN.** (Re: 31 Schedules, 32 Schedules, 33 Statement of Current Monthly Income) (Adam, Lorraine) (Entered: 09/29/2009) |
| 09/30/2009 | 37 | Certificate of Service by Attorney David L Merrill (Re: 28 Order Setting Hearing). (Merrill, David) (Entered: 09/30/2009) |
| 10/01/2009 | 38 | BNC Certificate of Mailing (Re: 35 Meeting of Creditors to be Held on 11/2/2009 at 09:00 AM at 1515 N Flagler Dr Room 870, West Palm Beach. Proofs of Claim due by 2/1/2010. Last Day to Oppose Discharge or Dischargeability is 1/4/2010. Objection to Confirmation Deadline: 11/2/2009. Confirmation Hearing to be Held on 12/11/2009 at 01:00 PM at 1515 N Flagler Dr Room 801 Courtroom B, West Palm Beach.) Service Date 10/01/2009. (Admin.) (Entered: 10/02/2009) |
| 10/01/2009 | 39 | BNC Certificate of Mailing - PDF Document (Re: 35 Meeting of Creditors to be Held on 11/2/2009 at 09:00 AM at 1515 N Flagler Dr Room 870, West Palm Beach. Proofs of Claim due by 2/1/2010. Last Day to Oppose Discharge or Dischargeability is 1/4/2010. Objection to Confirmation Deadline: 11/2/2009. Confirmation Hearing to be Held on 12/11/2009 at 01:00 PM at 1515 N Flagler Dr Room 801 Courtroom B, West Palm Beach.) Service Date 10/01/2009. (Admin.) (Entered: 10/02/2009) |
| 10/04/2009 | 40 | Notice of Appearance and Request for Service by Maurice Hinton Filed by Creditor Lake Charles Association, Inc.. (Hinton, Maurice) (Entered: 10/04/2009) |
| 10/05/2009 | 41 | Certificate of Service Filed by Debtor Dominick F. Sammarone (Re: 29 Payment Advices filed by Debtor Dominick F. Sammarone, 30 Chapter 13 Plan filed by Debtor Dominick F. Sammarone, 31 Balance of |

| | | |
|---|---|---|
| | | Schedules and Statements Filed filed by Debtor Dominick F. Sammarone, 32 Balance of Schedules and Statements filed filed by Debtor Dominick F. Sammarone, 33 Statement of Current Monthly Income and Disposable Income Calculation filed by Debtor Dominick F. Sammarone, 34 Declaration filed by Debtor Dominick F. Sammarone). (Anastasio, John) (Entered: 10/05/2009) |
| 10/06/2009 | ⬤42 | Notice of Compliance Filed by Debtor Dominick F. Sammarone (Re: 28 Order Setting Hearing). (Anastasio, John) (Entered: 10/06/2009) |
| 10/06/2009 | ⬤43 | Certificate of Service Filed by Debtor Dominick F. Sammarone (Re: 42 Notice of Compliance/Non-Compliance filed by Debtor Dominick F. Sammarone). (Anastasio, John) (Entered: 10/06/2009) |
| 10/07/2009 | ⬤44 | Request for Notice Filed by Creditor Recovery Management Systems Corporation. (Recovery Management Systems Corp) (Entered: 10/07/2009) |
| 10/07/2009 | ⬤45 | **INCORRECT DOCKET EVENT** Notice of Filing *Withdrawal of Objection to Motion for Relief from Stay*, Filed by Debtor Dominick F. Sammarone (Re: 17 Response, 19 Notice of Hearing Amended/Renoticed /Continued). (Anastasio, John) Modified on 10/8/2009 (Adam, Lorraine). (Entered: 10/07/2009) |
| 10/07/2009 | ⬤46 | Certificate of Service *of Notice of Withdrawal of objection to Motion for Stay Relief* Filed by Debtor Dominick F. Sammarone (Re: 45 Notice of Filing filed by Debtor Dominick F. Sammarone). (Anastasio, John) (Entered: 10/07/2009) |
| 10/07/2009 | ⬤47 | **INCORRECT EVENT CODE** Motion to Convert Ch 13 Case to Chapter 7 [Fee NOT Paid] [13cal] Filed by Debtor Dominick F. Sammarone. (Anastasio, John) Modified on 10/8/2009 - TO BE REDOCKETED AND FEE TO BE PAID. (Adam, Lorraine). (Entered: 10/07/2009) |
| 10/08/2009 | ⬤48 | Declaration Under Penalty of Perjury to Accompany Petitions, Schedules and Statements Filed Electronically by Attorney John J Anastasio Esq (Re: 29 Payment Advices filed by Debtor Dominick F. Sammarone, 31 Balance of Schedules and Statements Filed filed by Debtor Dominick F. Sammarone, 32 Balance of Schedules and Statements filed filed by Debtor Dominick F. Sammarone, 33 Statement of Current Monthly Income and Disposable Income Calculation filed by Debtor Dominick F. Sammarone, 34 Declaration filed by Debtor Dominick F. Sammarone, 41 Certificate of Service filed by Debtor Dominick F. Sammarone). (Anastasio, John) (Entered: 10/08/2009) |
| 10/08/2009 | ⬤49 | Certificate of Service Filed by Debtor Dominick F. Sammarone (Re: 48 Declaration Re: Electronic Filing filed by Debtor Dominick F. Sammarone). (Anastasio, John) (Entered: 10/08/2009) |
| 10/08/2009 | ⬤50 | Notice to Filer of Apparent Filing Deficiency: Selected Event Does Not Match PDF Image. THE FILER IS DIRECTED TO REFILE PLEADING USING THE CORRECT EVENT AS FOLLOWS: Notice to Withdraw Document [found in the Notices menu] AND CORRECTLY LINK TO THE DOCKET ENTRY BEING WITHDRAWN (Re: 45 Notice of Filing) (Adam, Lorraine) (Entered: 10/08/2009) |
| 10/08/2009 | ⬤51 | Notice to Filer of Apparent Filing Deficiency: Selected Event Does Not Match PDF Image. THE FILER IS DIRECTED TO REFILE PLEADING USING THE CORRECT EVENT AS FOLLOWS: Notice of Voluntary Conversion to Chapter 7 [found in the Notices menu] *AND PAY THE CONVERSION FEE* (Re: 47 Motion to Convert) (Adam, Lorraine) (Entered: 10/08/2009) |
| 10/08/2009 | ⬤52 | Response to ( 9 Motion for Relief from Stay [Fee Amount $150] filed by Creditor Spirit Investments and Management, LLC) Filed by Creditor Lake Charles Association, Inc. (Hinton, Maurice) (Entered: 10/08/2009) |
| 10/08/2009 | ⬤53 | Certificate of Service *(Amended)* by Attorney David L Merrill (Re: 9 Motion for Relief from Stay [Fee Amount $150] filed by Creditor Spirit Investments and Management, LLC). (Merrill, David) (Entered: 10/08/2009) |
| 10/08/2009 | ⬤54 | Certificate of Service *(Amended)* by Attorney David L Merrill (Re: 28 Order Setting Hearing). (Merrill, David) (Entered: 10/08/2009) |
| 10/14/2009 | ⬤55 | Agreed Order Granting Motion For Relief From Stay Re: # 9 (Adam, Lorraine) (Entered: 10/14/2009) |
| 10/16/2009 | ⬤56 | Certificate of Service by Attorney David L Merrill (Re: 55 Order on Motion For Relief From Stay). (Merrill, David) (Entered: 10/16/2009) |
| 10/17/2009 | ⬤57 | Notice to Withdraw Document 45 *Notice of Conversion* Filed by Debtor Dominick F. Sammarone (Re: 47 Motion to Convert Chapter 13 Case to Chapter 7). (Anastasio, John) (Entered: 10/17/2009) |
| 10/17/2009 | ⬤58 | Certificate of Service *of Notice to Withdraw Document 47 Motion to Convert* by Attorney John J Anastasio Esq (Re: 57 Notice Withdraw Document filed by Debtor Dominick F. Sammarone). (Anastasio, John) (Entered: 10/17/2009) |

| | | |
|---|---|---|
| 10/25/2009 | ⊜59 | Request for Notice Filed by Creditor HSBC Finance Corporation. (Lozano, Joe) (Entered: 10/25/2009) |
| 11/02/2009 | ⊜60 | Notice of Appearance and Request for Service by Reka Beane Filed by Creditor Beneficial Florida. Inc.. (Beane, Reka) (Entered: 11/02/2009) |
| 11/06/2009 | ⊜61 | Notice of Voluntary Conversion to Chapter 7 [Fee Amount $25] Filed by Debtor Dominick F. Sammarone. (Anastasio, John) (Entered: 11/06/2009) |
| 11/06/2009 | | Receipt of Notice of Voluntary Conversion to Chapter 7(09-27680-EPK) [notice,ntccnv] ( 25.00) Filing Fee. Receipt number 6536411. Fee amount 25.00. (U.S. Treasury) (Entered: 11/06/2009) |
| 11/09/2009 | ⊜62 | Trustee's Request for Entry of Order Dismissing Case for Failure to Appear at the Meeting of Creditors and for Failure to Make Pre-Confirmation Plan Payments Filed by Trustee Robin R Weiner. (^Weiner2, Robin) (Entered: 11/09/2009) |
| 11/09/2009 | ⊜63 | Order Granting Trustee's Request for Order Dismissing Case for Failure to Appear at the Meeting of Creditors and for Failure to Make Pre-Confirmation Plan Payments (Re: # 62 ) Case is Dismissed with a Prejudice Period of 180 Days. [Filing Fee Balance Due: $0.00] (Adam, Lorraine) (Entered: 11/09/2009) |
| 11/09/2009 | ⊜64 | Certificate of Service by Attorney John J Anastasio Esq (Re: 61 Notice of Voluntary Conversion to Chapter 7 filed by Debtor Dominick F. Sammarone). (Anastasio, John) (Entered: 11/09/2009) |
| 11/11/2009 | ⊜65 | BNC Certificate of Mailing - Order Dismissing Case (Re: 63 Order Granting Trustee's Request for Order Dismissing Case for Failure to Appear at the Meeting of Creditors and for Failure to Make Pre-Confirmation Plan Payments) Service Date 11/11/2009. (Admin.) (Entered: 11/12/2009) |
| 11/17/2009 | ⊜66 | Motion to Vacate Dismissal (Re: 63 Order Dismissing Case) Filed by Debtor Dominick F. Sammarone. (Anastasio, John) (Entered: 11/17/2009) |
| 11/17/2009 | ⊜67 | Notice of Hearing by Attorney (Re: 66 Motion to Vacate Dismissal). Chapter 13 Hearing scheduled for 12/11/2009 at 01:20:00 PM at 1515 N Flagler Dr Room 801 Courtroom B, West Palm Beach. (Anastasio, John) (Entered: 11/17/2009) |
| 11/17/2009 | ⊜68 | Certificate of Service Filed by Debtor Dominick F. Sammarone (Re: 66 Motion to Vacate Dismissal (Re: 63 Order Dismissing Case) filed by Debtor Dominick F. Sammarone). (Anastasio, John) (Entered: 11/17/2009) |
| 11/17/2009 | ⊜69 | Certificate of Service Filed by Debtor Dominick F. Sammarone (Re: 67 Notice of Hearing by Attorney filed by Debtor Dominick F. Sammarone). (Anastasio, John) (Entered: 11/17/2009) |
| 01/04/2010 | ⊜70 | Order Granting Motion To Vacate Dismissal. (Re: # 66 ) (Adam, Lorraine) (Entered: 01/05/2010) |
| 01/05/2010 | ⊜71 | Order Upon Notice of Conversion to Chapter 7 by Debtor(s) Trustee Michael R Bakst Appointed . Meeting of Creditors to be Held on 02/11/2010 at 01:30 PM at 1515 N Flagler Dr Room 870, West Palm Beach. Last Day to Oppose Discharge or Dischargeability is 04/12/2010. (Adam, Lorraine) (Entered: 01/05/2010) |
| 01/07/2010 | ⊜72 | BNC Certificate of Mailing (Re: 71 Order Upon Notice of Conversion to Chapter 7 by Debtor) Service Date 01/07/2010. (Admin.) (Entered: 01/08/2010) |
| 01/07/2010 | ⊜73 | BNC Certificate of Mailing (Re: 71 Order Upon Notice of Conversion to Chapter 7 by Debtor) Service Date 01/07/2010. (Admin.) (Entered: 01/08/2010) |
| 01/07/2010 | ⊜74 | BNC Certificate of Mailing - PDF Document (Re: 70 Order Granting Motion To Vacate Dismissal.) Service Date 01/07/2010. (Admin.) (Entered: 01/08/2010) |
| 01/12/2010 | ⊜75 | Chapter 13 Trustee's Final Report and Account (Converted) Filed by Trustee Robin R Weiner. (^Weiner2, Robin) (Entered: 01/12/2010) |
| 01/12/2010 | ⊜76 | Order Discharging Trustee . (Adam, Lorraine) (Entered: 01/12/2010) |
| 01/14/2010 | ⊜77 | BNC Certificate of Mailing (Re: 76 Order Discharging Trustee .) Service Date 01/14/2010. (Admin.) (Entered: 01/15/2010) |
| 01/15/2010 | ⊜78 | Motion to Extend Time to for Compliance with Agreed Order Filed by Debtor Dominick F. Sammarone. (Anastasio, John) (Entered: 01/15/2010) |
| 01/19/2010 | ⊜79 | Notice of Hearing (Re: 78 Motion to Extend Time to for Compliance with Agreed Order Filed by Debtor |

CM/ECF LIVE - U.S. Bankruptcy C...   //ecf.5...uscou...   oy/cgi-bin/DktRpt.pl?758473629362223-L...

Case 2:11-cv-14142-DLG   Document 1   Entered on FLSD Docket 04/18/2011   Page 29 of 66

|  |  | Dominick F. Sammarone.) Hearing scheduled for 02/04/2010 at 10:30 AM at 1515 N Flagler Dr Room 801 Courtroom B, West Palm Beach. (Klopp, Cindy) (Entered: 01/19/2010) |
|---|---|---|
| 01/21/2010 | ⊜80 | Statement of Current Monthly Income and Means Test Calculation Filed by Debtor Dominick F. Sammarone. (Anastasio, John) (Entered: 01/21/2010) |
| 01/21/2010 | ⊜81 | Notice to Filer of Apparent Filing Deficiency: **Document filed was not accompanied by the Local Form** *Declaration Regarding Electronic Filing*. **THE FILER IS DIRECTED TO FILE THE APPROPRIATE **Declaration Regarding Electronic Filing** WITHIN FIVE BUSINESS DAYS. FAILURE TO COMPLY WILL RESULT IN THIS PAPER BEING STRICKEN.** (Re: 80 Statement of Current Monthly Income) (Adam, Lorraine) (Entered: 01/21/2010) |
| 01/29/2010 | ⊜82 | Order Striking (Re: 80 Statement of Current Monthly Income and Means Test Calculation filed by Debtor Dominick F. Sammarone, 81 Notice to Filer of Apparent Filing Deficiency). (Manboard, Sandra) (Entered: 01/29/2010) |
| 01/29/2010 | ⊜83 | Order to Show Cause for Dismissal of Case (Re: 1 Voluntary Petition (Chapter 13) filed by Debtor Dominick F. Sammarone. Show Cause hearing to be held on 02/04/2010 at 10:30 AM at 1515 N Flagler Dr Room 801 Courtroom B, West Palm Beach. (Eisenberg, Randy) (Entered: 01/29/2010) |
| 01/31/2010 | ⊜84 | BNC Certificate of Mailing (Re: 82 Order Striking) Service Date 01/31/2010. (Admin.) (Entered: 02/01/2010) |
| 01/31/2010 | ⊜85 | BNC Certificate of Mailing - PDF Document (Re: 82 Order Striking) Service Date 01/31/2010. (Admin.) (Entered: 02/01/2010) |
| 01/31/2010 | ⊜86 | BNC Certificate of Mailing - PDF Document (Re: 83 Order to Show Cause for Dismissal of Case) Service Date 01/31/2010. (Admin.) (Entered: 02/01/2010) |
| 02/08/2010 | ⊜87 | Order Denying Motion to Extend Time to for Compliance with Agreed Order (Re: # 78 ) (Adam, Lorraine) (Entered: 02/09/2010) |
| 02/09/2010 | ⊜88 | Order Dismissing Case with 180 Days Prejudice for Failure to File Statement of Current Monthly Income, [Filing Fee Balance Due: $0.00] . (Adam, Lorraine) (Entered: 02/09/2010) |
| 02/11/2010 | ⊜89 | BNC Certificate of Mailing - Order Dismissing Case (Re: 88 Order Dismissing Case with 180 Days Prejudice for Failure to File Statement of Current Monthly Income, [Filing Fee Balance Due: $0.00] .) Service Date 02/11/2010. (Admin.) (Entered: 02/12/2010) |
| 02/11/2010 | ⊜90 | BNC Certificate of Mailing - PDF Document (Re: 87 Order Denying Motion to Extend Time to for Compliance with Agreed Order) Service Date 02/11/2010. (Admin.) (Entered: 02/12/2010) |
| 03/10/2010 | ⊜91 | Bankruptcy Case Closed. (Adam, Lorraine) (Entered: 03/10/2010) |
| 06/10/2010 | ⊜92 | Motion to Shorten Prejudice Period (Re: 88 Order Dismissing Case) Filed by Debtor Dominick F. Sammarone. (Anastasio, John) (Entered: 06/10/2010) |
| 06/11/2010 | ⊜93 | Notice to Filer of Apparent Filing Deficiency: **Document Filed in Dismissed and Closed Case. FILER IS DIRECT TO FILE A MOTION TO REOPEN CASE WITH PAYMENT OF THE REQUIRED FEE.** (Re: 92 Motion to Shorten Prejudice Period) (Perusso, Conce) (Entered: 06/11/2010) |
| 06/14/2010 | ⊜94 | Motion to Reopen Chapter 7 Case *to Hear Motion to Shorten Prejudice Period* [Fee Amount $260] Filed by Debtor Dominick F. Sammarone. (Anastasio, John) (Entered: 06/14/2010) |
| 06/14/2010 |  | Receipt of Motion to Reopen Ch 7 Case(09-27680-EPK) [motion,mreop] ( 260.00) Filing Fee. Receipt number 7998621. Fee amount 260.00. (U.S. Treasury) (Entered: 06/14/2010) |
| 06/14/2010 | ⊜95 | Motion to Shorten Prejudice Period (Re: 88 Order Dismissing Case) Filed by Debtor Dominick F. Sammarone. (Anastasio, John) (Entered: 06/14/2010) |
| 06/14/2010 | ⊜96 | Motion to Shorten Prejudice Period (Re: 88 Order Dismissing Case), Motion to Vacate Dismissal (Re: 88 Order Dismissing Case) Filed by Debtor Dominick F. Sammarone . (Perusso, Conce) (Entered: 06/16/2010) |
| 06/16/2010 | ⊜97 | Notice to Filer of Apparent Filing Deficiency: Incorrect Event Used for the Multi-Part Motion. **THE COURT HAS CORRECTED THIS ENTRY (DE#96) - NO FURTHER ACTION IS REQUIRED. In the Future, Use both events: Motion to Vacate Dismissal and Motion to Shorten Prejudice Period** (Re: 95 (Perusso, Conce) (Entered: 06/16/2010) |

| 06/18/2010 | ⊕ 98 | Notice of Hearing (Re: 94 Motion to Reopen Chapter 7 Case *to Hear Motion to Shorten Prejudice Period* [Fee Amount $260] Filed by Debtor Dominick F. Sammarone., 96 Motion to Shorten Prejudice Period) Hearing scheduled for 07/08/2010 at 10:30 AM at 1515 N Flagler Dr Room 801 Courtroom B, West Palm Beach. (Klopp, Cindy) (Entered: 06/18/2010) |
| 06/22/2010 | ⊕ 99 | Certificate of Service Filed by Debtor Dominick F. Sammarone (Re: 94 Motion to Reopen Chapter 7 Case *to Hear Motion to Shorten Prejudice Period* [Fee Amount $260] filed by Debtor Dominick F. Sammarone, 96 Motion to Shorten Prejudice Period (Re: 88 Order Dismissing Case) filed by Debtor Dominick F. Sammarone, Motion to Vacate Dismissal (Re: 88 Order Dismissing Case)). (Anastasio, John) (Entered: 06/22/2010) |
| 07/09/2010 | ⊕ 100 | Order Denying Motion To Reopen Ch 7 Case (Re: # 94 ) (Perusso, Conce) (Entered: 07/12/2010) |
| 07/09/2010 | ⊕ 101 | Order Denying Motion to Shorten Prejudice Period (Re: # 96 ) (Perusso, Conce) (Entered: 07/12/2010) |
| 10/07/2010 | ⊕ 102 | Transcript of 7/8/2010 Hearing (Re: 94 Motion to Reopen Chapter 7 Case *to Hear Motion to Shorten Prejudice Period* [Fee Amount $260] Filed by Debtor Dominick F. Sammarone., 96 Motion to Shorten Prejudice Period). Redaction Request Due By 10/14/2010. Statement of Personal Data Identifier Redaction Request Due by 10/28/2010. Redacted Transcript Due by 11/8/2010. Transcript access will be restricted through 01/5/2011. (Ouellette and Mauldin) Modified on 1/6/2011 To Make Available To The Public. (Manboard, Sandra) (Entered: 10/07/2010) |
| 10/08/2010 | ⊕ 103 | Notice Regarding Filing of Transcript and Deadline for Filing Notice of Intent or Motions to Request Redaction of Transcript. (Re: 102 Transcript) Redaction Request Due By 10/14/2010. Statement of Personal Data Identifier Redaction Request Due by 10/28/2010. Redacted Transcript Due by 11/8/2010. Transcript access will be restricted through 1/5/2011. (Perusso, Conce) (Entered: 10/08/2010) |
| 01/06/2011 | ⊕ 104 | Pursuant to Local Rule 5005-1(2)(b) and Court Guidelines on Electronic Availability of Transcripts and Procedures for Transcript Redaction, Transcript is now electronically accessible (Re: 102 Transcript of 7/8/2010 Hearing [*Document Image Available ONLY to Court Users*]) (Perusso, Conce) (Entered: 01/06/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/25/2011 10:58:26 | | |
| PACER Login: | ns1825 | Client Code: |
| Description: | Docket Report | Search Criteria: 09-27680-EPK Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html |
| Billable Pages: | 7 | Cost: 0.56 |

EXHIBIT "C"

Page 1

1        UNITED STATES BANKRUPTCY COURT
         SOUTHERN DISTRICT OF FLORIDA
2

3            Judge Erik P. Kimball

4                                    CERTIFIED
5                                    COPY

     In Re:
6
                        Case No. 09-27680-BKC-EPK
7

8    DOMINICK F. SAMMARONE,
9            Debtor.
10
     _____
11

     MOTION TO REOPEN CHAPTER 7 CASE TO HEAR MOTION TO
12   SHORTEN PREJUDICE PERIOD FILED BY DEBTOR (94)
     MOTION TO SHORTEN PREJUDICE PERIOD ... (96)
13

14
15                  July 8, 2010
16

17

18   The above entitled cause came on for hearing before
     the HONORABLE ERIK P. KIMBALL, one of the Judges in
19   the UNITED STATES BANKRUPTCY COURT, in and for the
     SOUTHERN DISTRICT OF FLORIDA, at 1515 North Flagler
20   Drive, West Palm Beach, Palm Beach County, Florida, on
     July 8, 2010, commencing on or about 10:30 a.m., and
21   the following proceedings were had:
22

23

24

25     Reported by: Jacquelyn Ann Jones, Court Reporter

```
 1
        APPEARANCES:
 2
 3      SHAPIRO BLASH WASSERMAN & GORA, P.A.
        By: DAVID LLOYD MERRILL, ESQUIRE
 4      On behalf Spirit Investments, Inc.
        (Appearing telephonically)
 5
 6      RUDEN MCCLOSKY
        By: MICHAEL R. BAKST, ESQUIRE
 7      Chapter 7 Trustee
 8
        LAW OFFICE OF JOHN J. ANASTASIO
 9      By: JOHN J. ANASTASIO, ESQUIRE
        On behalf of the Debtor
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 3

1            THE COURT:  Dominick F. Sammarone.

2            MR. ANASTASIO:  John Anastasio for the

3    debtor.

4            MR. MERRILL:  David Merrill representing

5    Spirit Investments, Inc.

6            THE COURT:  Is that Mr. Merrill on the

7    phone?

8            MR. MERRILL:  Yes, Your Honor.

9            THE COURT:  Just to make sure.  I didn't

10   hear your full name when you spoke earlier.

11           MR. MERRILL:  Sorry.  David Merrill

12   representing Spirit Investments, Inc.

13           THE COURT:  Yes, Mr. Bakst.

14           MR. BAKST:  I'm the trustee, Michael

15   Bakst.

16           THE COURT:  Mr. Bakst is here as well.

17           This is a motion to reopen the Chapter 7

18   case and to shorten the prejudice period, correct?

19           MR. ANASTASIO:  Yes, Judge.  We're looking

20   for a reduction for 180 days to 150 days.

21           Brief history on the case.  It was filed pro

22   se, Chapter 13.  There was in excess of $325,000 in

23   secured debt.

24           We came to an agreement as to an automatic

25   stay for Mr. Merrill's clients.  And there was some

1  money exchanged and the State Court appeal was to be

2  dismissed.

3          We then moved to convert.  There was a

4  slight snafu and paperwork didn't get in time to the

5  Chapter 13 trustee, so an order of dismissal was

6  entered.  That was under document 63.

7          The order was vacated based upon that error

8  by the trustee on January 4th, 2010.  That was

9  document 70.

10          Later, because of a snafu at my end in terms

11  of getting an actual signed form LF11 for the form 22B

12  to be filed, the case was again dismissed.  The

13  problem with that was it bumped back the prejudice

14  period we had originally had.

15          So we're asking either one, that the Court

16  shorten the prejudice period by 30 days, or number

17  two, that you vacate the order of dismissal document

18  88, and the order vacating the first dismissal,

19  document 70, which would then allow us to file at the

20  present time.

21          Mr. Merrill represents Spirit Investments

22  who have a number of mortgages with the debtor.  He

23  may have some concerns about this may then was another

24  period in which to have to apply for an automatic

25  stay.  There's a sale on the properties on for July

1    28th.   If the Court or Mr. Merrill deems it necessary,

2    we can stipulate to a waiver of the automatic stay for

3    any new filing in regard to his clients, and that may

4    address his concerns one way or another.

5          We do have some issues involved with that

6    that are probably going to have to be litigated.   I

7    think my client was being charged 27 or 28 percent

8    interest, and going into that it certainly raises a

9    number of issues --

10         THE COURT:   Litigated in the foreclosure?

11   You don't mean here, I assume.

12         MR. ANASTASIO:   Well, it was never raised

13   below, I do not believe it's a mandatory counterclaim,

14   and it may very well be an adversary proceeding.

15         If Mr. Sammarone doesn't waive his

16   homestead, then there may be an issue there where

17   he is entitled to some moneys.   If he does waive the

18   homestead, then there may be money for the trustee for

19   distribution to other creditors, including people who

20   have seconds on these.

21         So we are not simply dealing with Mr.

22   Sammarone's interest, but we are dealing with creditor

23   interest and possibly the trustee's interest,

24   depending upon what's resolved on the issue of

25   interest payments and so forth.

1        THE COURT:  Mr. Bakst.

2        MR. BAKST:  Your Honor, I think that for the

3   Court to shorten a prejudice period there needs to be

4   some reasonable basis, some argument made for that.

5        It appears that perhaps the debtor could

6   have sought relief from the last order of dismissal if

7   it was, you know, purely just a clerical error, that

8   if they had filed a motion back then, then perhaps

9   that order vacating -- an order vacating the dismissal

10  could have been entered and the debtor would be in

11  bankruptcy.  I don't understand why nothing was done

12  then and they're now seeking to shorten the prejudice

13  period on the eve of a foreclosure sale.

14       I understand counsel is saying they'll waive

15  the automatic stay as relates to that.  I'm not

16  certain that they can particularly do that in an order

17  that shortens the prejudice period because there's

18  other entities that have rights that are affected by

19  the automatic stay, if it even applies to a second

20  bankruptcy filing, then you have the old issue as far

21  you have the 30 day period.  So I don't know that

22  there's been an argument presented as to cause.

23       MR. ANASTASIO:  Harry Truman said the buck

24  stops here.  The purpose of the prejudice period is to

25  prevent debtor abuse.  That wasn't in this case.

1    Counsel screwed up.  He's standing before you.

2          It's a general proposition under law that

3    except in extreme circumstances errors or oversights

4    or delay by an attorney shouldn't be visited upon his

5    client.  But that's the --

6          THE COURT:  Right.  But Mr. Bakst asked the

7    question, I think appropriate question, why so long,

8    why wait?

9          MR. ANASTASIO:  I didn't realize that we

10   would be coming up on the foreclosure sale and other

11   issues raising at that point --

12         THE COURT:  Is the foreclosure sale someone

13   other than Mr. Merrill's client?

14         MR. ANASTASIO:  You mean -- well, the

15   foreclosure sale also impacts other creditors.

16   We have second mortgages involved.

17         THE COURT:  One of the things that you

18   requested was to vacate the order of dismissal, which

19   would mean the case would still exist and all the

20   prior orders granting motions for relief from stay

21   would be outstanding.  Is that correct, Mr. Bakst,

22   have I missed something in the history of the case?

23         MR. BAKST:  No, I believe that's correct.  I

24   don't have the whole history here.

25         THE COURT:  But if that were the case, then

1   how would that impact the foreclosure sales to take

2   place in a couple of weeks?

3          MR. ANASTASIO:  Well, we have three orders.

4   One was the initial one that the trustee had moved on

5   erroneously.  Then we have the order that vacated that

6   dismissal.  And then we have a second order of

7   dismissal.

8          If you vacate both the second order of

9   dismissal --

10          THE COURT:  Didn't you also simply ask that

11   the Court vacate the most recent order of dismissal?

12          MR. ANASTASIO:  Yes.  That would then leave

13   the first order of dismissal, which would --

14          THE COURT:  Was vacated.  So the case would

15   be open.  Am I missing something?

16          MR. ANASTASIO:  Well, if you vacated one

17   order of dismissal, you would still have the prior

18   order of dismissal in effect, and so --

19          THE COURT:  And wasn't that one --

20          MR. ANASTASIO:  -- what we're looking for is

21   to have the first order of dismissal effective.

22          THE COURT:  Why?

23          MR. ANASTASIO:  To calculate --

24          THE COURT:  Okay.  I understand the argument

25   about calculating the prejudice period, but the case

1   was dismissed, and then it was reinstated.

2           MR. ANASTASIO:  Yes.

3           THE COURT:  And then the case was dismissed

4   again.

5           MR. ANASTASIO:  Yes.

6           THE COURT:  So if I vacate the most recent

7   order of dismissal, doesn't that mean the case is in

8   existence?

9           MR. ANASTASIO:  No.  You would have both the

10   order document 88 and the order document 70, both

11   vacated, and that would leave you with the original

12   order of dismissal, and then there's no prejudice

13   period time that we have from our end.

14           THE COURT:  I guess I need to ask the

15   question a different way.  If I vacate only the most

16   recent order dismissing the case, doesn't that mean

17   the case now exists?

18           MR. ANASTASIO:  No.  I was asking for to

19   vacate the most recent order of dismissal, plus the

20   order granting vacating the first dismissal.  That

21   would then leave the case in the status that there's

22   only the first order of dismissal that exists in the

23   case, and then the prejudice period be calculated from

24   that.

25           THE COURT:  What's the benefit of doing that

1   over the facts that were hypothetically stated in the

2   question that I asked?

3   　　　　MR. ANASTASIO:  Because at this point then

4   if we went on the first order of dismissal the

5   prejudice period would be over three days --

6   　　　　THE COURT:  Okay.  I think you're

7   misunderstanding.  Maybe I'm not understanding what

8   the facts are.

9   　　　　But let's ignore the original motion to

10  dismiss, the order dismissing the case, then the order

11  vacating that order, because that means it didn't

12  happen.  So we had a case which was recently

13  dismissed, May I think, maybe I'm wrong about the

14  date, if I were to undo the recent dismissal, then the

15  case is back, it's here pending in the court.

16  　　　　MR. ANASTASIO:  Yes.

17  　　　　THE COURT:  All of the prior orders entered

18  in that case, with the exception of the dismissal and

19  the order vacating it are in effect.

20  　　　　MR. ANASTASIO:  And that's certainly an

21  option also.

22  　　　　THE COURT:  And the reason I'm asking this

23  question is --

24  　　　　MR. ANASTASIO:  Maybe I over complicated

25  asking for two orders of vacating, I'm sorry.

1      THE COURT:  Then that would require you to

2  file a new petition.  But what I'm trying to get at

3  is, that would leave the orders with regard to Mr.

4  Merrill's client in effect.

5      MR. ANASTASIO:  Yes.

6      THE COURT:  Now, the primary purpose for

7  filing the new case that you had asked to file, wasn't

8  that to deal with exactly the foreclosure that is

9  upcoming that --

10      MR. ANASTASIO:  Part of it, yes.  But we

11  also have other creditor issues, and also this

12  particular forum, given where we've ultimately

13  litigated the liability through the stay relief

14  I think would probably be most appropriate in

15  addressing the financial issues on the interest claim

16  that we would have, which would either inure to my

17  client and/or to the trustee.

18      THE COURT:  Well, how is that?  I mean, if

19  you agreed to relief from stay to Mr. Merrill's

20  client, how is the interest even relevant?  It goes

21  off to the State Court, either someone bids or the

22  creditor bids, but are you suggesting they can't

23  include it in their State Court judgment?  I don't

24  think I've ever ruled on it as far as I know.

25      MR. ANASTASIO:  I'm sorry, include what?

1          THE COURT:  You're talking about interest

2    accruing on the claim of the secured creditor.

3          MR. ANASTASIO:  Yes.  Well, in terms of the

4    foreclosure -- again, then they're going to have to

5    get a deficiency judgment.  We've haven't gotten to

6    the stage of a deficiency judgment yet, Judge.  We've

7    only gotten to, I guess three weeks from now the sale

8    of the property.  Only after that occurs do we end up

9    calculating interest and so forth.

10         THE COURT:  But why would that not be the

11   trustee's concern at that point?  This is a Chapter 7

12   case.  I'm trying to figure out what their benefit is

13   at this point, if it's not the foreclosure.

14         MR. ANASTASIO:  Well, the things that we

15   might very well -- if we promptly file our petition,

16   promptly file our adversary proceeding dealing with

17   the interest issue, we may be able to resolve at least

18   the residence of Mr. Sammarone without sale of the

19   property --

20         THE COURT:  And the residence is something

21   that Mr. Merrill's client has a scheduled foreclosure

22   on.

23         MR. ANASTASIO:  Well, that and several

24   rental properties which we're not terribly worried

25   about, to the homestead property.

Page 13

1          THE COURT:  But let's go back to that.   I

2     had granted relief from stay with regard to the

3     homestead property in the case that has been

4     dismissed.

5          MR. ANASTASIO:  Yes.

6          THE COURT:  So now, and you started to say

7     by suggesting that you would agree to continued relief

8     from stay, maybe that's not possible, but I had

9     already granted relief from stay.  Why would I not do

10    that again?

11         MR. ANASTASIO:  Yes, you would.  But we

12    still need a forum to litigate the issue about the

13    interest that may impact on the debtor's estate.

14         THE COURT:  And wouldn't that be something

15    the trustee would be doing?  Why would the debtor care

16    at that point, is there any chance of a --

17         MR. ANASTASIO:  There may be a chance of a

18    workout in this case if we have that adversary

19    proceeding pending, and we may possibly be able to

20    engage in more fruitful settlement discussions to get

21    that resolved and get things restructured in terms of

22    the house.  In terms of the investment properties,

23    those we're not concerned with at this point

24    particular point in time.  But in terms of his

25    residence, we are concerned about that.

1           THE COURT:  So what you're telling me is,

2    you want to rethink the deal that you struck with the

3    secured creditor during the case.

4           MR. ANASTASIO:  No.  All we agreed to is

5    from relief from the stay.  That still leaves open any

6    issues concerning the transaction.

7           THE COURT:  Mr. Merrill, do you have

8    anything to add?

9           MR. MERRILL:  Indeed, Your Honor.  The order

10   that we're talking about that granted relief from stay

11   is docket entry 55, and in fact, there's quite a bit

12   that was illuminated in terms of what the deal was,

13   and Spirit Investments, in fact, you may recall,

14   this is the deal where my client paid $10,000 to St.

15   Jude's Hospital as part of a settlement, you know, we

16   were trying to get a resolution.  They, in fact, did

17   that.

18           Mr. Sammarone was supposed to have

19   released -- well, we got relief from stay from four

20   properties, including this fourth property, which by

21   the way, Judge, we dispute that it is this debtor's

22   homestead.  We believe that he's a resident of New

23   York and was at all times for this particular filing.

24           But at the end of the day, if we didn't

25   litigate that piece, the settlement was that he was to

1    remove himself from the property in the final

2    paragraph of the -- it's actually paragraph -- it's

3    page 3 of the order as I'm looking at it, but he was

4    supposed to have vacated that property by December

5    31st, 2009, and leaving it in broom clean condition.

6    I'm actually reading your order.  And that was the

7    deal that was struck.  He did not comply with that.

8    He is still there.

9           I would also point out, Judge, that the

10   claim that they allege that they hold, there's a lot

11   of problems with this, it's not disclosed anywhere on

12   their schedules that were filed in their 2009 filing.

13          So you know, I think if there is a claim, in

14   fact, it is entirely the trustee's, and they've got no

15   basis for being able to litigate it in a subsequent

16   case because it still belongs to the '09 case.

17          Which another problem that I've got with all

18   of this, is that this is not -- this is going to be a

19   fourth bankruptcy ultimately.  The first two were

20   filed in '02 back to back, one in August, one in

21   December of '02, and now we've got the '09 filing that

22   was pending within the past year.  This will be a

23   second case pending in a year.

24          Whether the Court reduces the prejudice

25   period or doesn't, candidly, Judge, I don't think that

1   they're going to be entitled to a stay for a multitude

2   of reasons.  One, I don't think they're traveling

3   forward with clean hands, which I'm reminded of Judge

4   Olson's opinion that's in Re Skulnik (phonetic), where

5   Judge Olson essentially said, you know, if you're

6   coming into this court trying to shorten your

7   prejudice period, you know, that's an equitable relief

8   and you better come with clean hands.  I don't think

9   they have it here.

10          They haven't complied with what the

11  agreement was that the Court signed off on.  They're

12  coming in as a serial filer.  And if I understand it

13  correctly, they're coming in as a Chapter 7, there's

14  no hope of reorganizing anything in this case, and why

15  on earth would we want to slow down our July 28th

16  foreclosure sale date.

17          And candidly, whatever the Court elects to

18  do, we're amenable to, so long as there's language

19  in the order that we can show to a clerk that

20  specifically says that there is no automatic stay that

21  prohibits that sale on the 28th.

22          We believe for equitable reasons that it

23  shouldn't be stopped.  We believe that under 362 of

24  the serial filing rules that it shouldn't be stopped.

25  And frankly, we just don't think that this relief

Page 17

1   should be granted.

2   　　　　　MR. ANASTASIO:  Briefly, Judge, in terms of

3   unclean hands, he resided there for awhile.  We had

4   moved to extend the time.  That was denied by the

5   Court.  They have, in fact, changed the locks on the

6   home.  So in terms of residing there at the moment and

7   continuing to reside, that's not true, because they

8   changed the locks on it.  So that's in terms of

9   unclean hands.

10   　　　　　In terms of references to cases eight years

11   ago, I wouldn't consider that within the sequence or

12   within the ambit of considerations for serial

13   filing.

14   　　　　　We're just trying to essentially continue

15   the third bankruptcy that is now occurring eight years

16   after those other two, and just get it straightened

17   out.  So it's not a matter of serial filing, just a

18   delay one way or another.

19   　　　　　THE COURT:  Is there someone else who wants

20   to make an appearance?  You should use the microphone.

21   　　　　　MR. SMITH:  Judge, my name is Raymond Smith,

22   and I'm the principal at Spirit Investments, and we

23   were joined also by a Mr. Tony Collins.

24   　　　　　Our total mortgages on this properties come

25   to $550,000 principal.  That's how much money we

1    loaned this gentleman.  We have not had a payment in

2    three years.

3              THE COURT:  I understand.  I'm familiar with

4    the underlying motions, and Mr. Merrill is

5    representing you, correct?  He's doing a good job.

6    You should have a seat.

7              THE COURT:  All right.  I'm going to deny

8    the motion to reopen the case.  I do not think that

9    there's cause to reopen this case.  The case was

10   dismissed twice, first in January and second in

11   February of this year.  There's absolutely no good

12   reason stated why months and months have gone by

13   before the motion to reopen was filed.  The motion to

14   shorten prejudice period will be denied as moot since

15   I'm not reopening the case.

16             MR. ANASTASIO:  Thank you, Judge.

17             THE COURT:  Thank you, gentlemen.

18             (The proceedings were concluded.)

19

20

21

22

23

24

25

1            C E R T I F I C A T E

2

3 The State of Florida      )

4 County of Palm Beach      )

5

6       I, JACQUELYN ANN JONES, Court Reporter,

7 certify that I was authorized to and did

8 stenographically report the foregoing hearing; and

9 that the transcript is a true record of my

10 stenographic notes.

11       I further certify that I am not a relative,

12 employee, attorney or counsel of any of the parties,

13 nor am I a relative or employee of any of the parties'

14 attorney or counsel connected with the action, nor am

15 I financially interested in the action.

16

17       In witness whereof I have hereunto set my

18 hand and seal this 22nd day of September, 2010.

19

20               _____

21               JACQUELYN JONES

22               Commission DD 846540

23               Expires Feb 18, 2013

24

25

EXHIBIT "D"

## Nick Steffens

| | |
|---|---|
| **From:** | John J Anastasio [john@psllaw.net] |
| **Sent:** | Friday, January 15, 2010 12:18 PM |
| **To:** | dfsammarone@aol.com |
| **Cc:** | Nick Steffens |
| **Subject:** | RE: Paperwork from John |
| **Attachments:** | Agreed Order on Stay.pdf; Notice of meeting of Creditors.pdf |

Dominick:

Attached is the order.   How soon can you pick up the property in your house?

Also attached is the notice of the meeting of creditors set for February 11, 2010 at 1:30 p.m. in West Palm Beach.

<u>You will need to bring your Florida driver license and social security card with you to the meeting of the creditors.</u>

**John J. Anastasio, Esq.**
**Suite 203**
**3601 South East Ocean Boulevard**
**Stuart, Florida 34996**
**Phone: (772) 286-3336**
**Fax:    (772) 286-1036**
**Email:   john@psllaw.net**

**From:** dfsammarone@aol.com [mailto:dfsammarone@aol.com]
**Sent:** Thursday, January 14, 2010 3:21 PM
**To:** john@psllaw.net
**Cc:** john@nylawoffice.net
**Subject:** Fwd: Paperwork from John

John come on, lets get with the program. Shoot over what ever Nick needs.

Come on, push a few buttons get this crap over with.

Dominick

-----Original Message-----
From: Nick Steffens <nick@ntslaw.com>
To: dfsammarone@aol.com <dfsammarone@aol.com>

1

Sent: Thu, Jan 14, 2010 3:12 pm
Subject: Paperwork from John

I didn't get the paperwork I need from Anastasio.

Nicholas T. Steffens, Esq.
Nicholas T. Steffens & Associates, P.A.
10394 W. Sample Road, Suite 201
Coral Springs, FL 33065
P: (954) 323-8956
F: (954) 301-6333
http://www.ntslaw.com

**Confidentiality Note**

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure pursuant to applicable law.  If the reader of this messages is not the intended recipient, or the employee or agent responsible for delivering this message to its intended recipient, you are h ereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and destroy this message.  Thank you.

---

for all support related inquiries, please send to support@thednconline.com or
go to http://support.thednconline.com

EXHIBIT "E"

ORDERED in the Southern District of Florida on ___JAN·2 9 2010___



Erik P. Kimball, Judge
United States Bankruptcy Court

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

In re:                                    CASE NO.: 09-27680-EPK

DOMINICK F. SAMMARONE,                     CHAPTER 7

     Debtor.
_____/

### ORDER TO SHOW CAUSE WHY CASE NUMBER 09-27680-EPK
### SHOULD NOT BE DISMISSED AND SETTING HEARING THEREON

THIS CAUSE came before the Court *sua sponte*. On January 5, 2010 this Court issued

its *Order Upon Conversion of Case Under Chapter 13 to Case Under Chapter 7 by the Debtor*

(the "Order Converting Case") [DE 71]. Pursuant to the Order Converting Case, Dominick F.

Sammarone (the "Debtor") was required to file, among other documents, the Official Bankruptcy

Form 22A "Statement of Current Monthly Income and Means Test Calculation For Use in

Chapter 7 Only" no later than January 19, 2010.

On January 21, 2010, the Debtor filed the *Chapter 7 Statement of Current Monthly Income and Means-Test Calculation* (the "Means-Test"). On January 21, 2010, the Court issued a *Notice to Filer of Apparent Filing Deficiency* (the "Notice") [DE 81]. The Notice stated that the Means-Test filed by the Debtor was not accompanied by the Local Form *Declaration Regarding Electronic Filing* (the "Declaration"). The Notice directed the filer to file the Declaration within five business days or the Means-Test would be stricken.

The Debtor failed to file the Declaration. Accordingly, on January 29, 2010, this Court entered its *Order Striking Document* [DE 82].

It is ORDERED that the Debtor and Debtor's counsel shall attend a hearing to be held on **February 4, 2010 at 10:30 a.m.** at the United States Bankruptcy Court, The Flagler Waterview Building, 1515 North Flagler Drive, 8th Floor, Courtroom B, West Palm Beach, Florida, to show cause why the Debtor's case (Case No. 09-27680-EPK) should not be dismissed for failure to timely file the Means-Test and Declaration.

# # #

Copies to:

Dominick F. Sammarone
588 SW Saint Johns Bay
Port St. Lucie, FL 34986

John J Anastasio, Esq
3601 SE Ocean Blvd #203
Stuart, FL 34996

Michael R Bakst
PMB 702
222 Lakeview Ave #160
West Palm Beach, FL 33401

AUST

EXHIBIT "F"

## Nick Steffens

| | |
|---|---|
| **From:** | Nick Steffens |
| **Sent:** | Wednesday, June 16, 2010 3:46 PM |
| **To:** | 'john@psllaw.net' |
| **Cc:** | 'dfsammarone@aol.com' |
| **Subject:** | Bankruptcy Case |

John,

Dominick asked that you keep me in the loop with regard to the Bankruptcy matter. Dominick has further requested that I be involved in the Adversarial Proceeding as co-counsel. Please let me know where re-opening the bankruptcy stands and when we can commence the Adversarial Proceeding.

Thank you.

Nicholas T. Steffens, Esq.
Nicholas T. Steffens & Associates, P.A.
5571 N. University Drive, Suite 101
Coral Springs, Florida 33076
P: (954) 323-8956
F: (954) 301-6333
http://www.ntslaw.com

**Confidentiality Note**

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure pursuant to applicable law. If the reader of this messages is not the intended recipient, or the employee or agent responsible for delivering this message to its intended recipient, you are h ereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and destroy this message. Thank you.

EXHIBIT "G"



ORDERED in the Southern District of Florida on July 09, 2010.

Erik P. Kimball, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                              Case No. 09-27680-EPK

DOMINICK F. SAMMARONE,                              Chapter 7

    Debtor.
_____/

## ORDER DENYING MOTION TO REOPEN CASE TO HEAR MOTION TO SHORTEN PREJUDICE PERIOD

THIS MATTER came before the Court for hearing on July 8, 2010 upon the *Motion to Reopen Case to Hear Motion to Shorten Prejudice Period* [DE 94] (the "Motion") filed by Dominick F. Sammarone (the "Debtor"). For the reasons stated on the record, and being otherwise fully advised in the premises, it is ORDERED AND ADJUDGED that the Motion [DE 94] is DENIED.

###

Copies furnished to:

John J Anastasio, Esq
3601 SE Ocean Blvd #203
Stuart, FL 34996

AUST

*John J Anastasio, Esq. is directed to serve a conformed copy of this order on all appropriate parties and file a certificate of service with the Court.*



**ORDERED in the Southern District of Florida on July 09, 2010.**

Erik P. Kimball, Judge
United States Bankruptcy Court

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

In re:                                    Case No. 09-27680-EPK

**DOMINICK F. SAMMARONE,**                Chapter 7

   Debtor.
_____/

### ORDER DENYING MOTION TO REOPEN CASE TO
### HEAR MOTION TO SHORTEN PREJUDICE PERIOD

THIS MATTER came before the Court for hearing on July 8, 2010 upon the *Motion to Shorten Prejudice Period or Vacate Order Vacating Order of Dismissal* [DE 96] (the "Motion") filed by Dominick F. Sammarone (the "Debtor").  For the reasons stated on the record, and being otherwise fully advised in the premises, it is ORDERED AND ADJUDGED that the Motion [DE 96] is DENIED as moot.

###

Copies furnished to:

John J Anastasio, Esq
3601 SE Ocean Blvd #203
Stuart, FL 34996

AUST

*John J Anastasio, Esq. is directed to serve a conformed copy of this order on all appropriate parties and file a certificate of service with the Court.*

# In The Circuit Court Of The Nineteenth Judicial Circuit
# In And For Saint Lucie County, Florida

DOMINIC SAMMARONE,

               **Plaintiff,**

v.

JOHN J. ANASTASIO,

               **Defendant.**

_____/

CASE NO.   56-2011-CA-000539

JUDGE:     GEIGER

## MOTION TO EXTEND TIME TO FILE ANSWER
## OR OTHERWISE DEFEND

Defendant John J. Anastasio moves this court for an order extending time to file an answer or otherwise defend and as grounds states:

1.     Defendant was served with the summons and complaint on March 18, 2011.

2.     The time in which to file an answer including 25 days for mail under Fla. R. Civ. P. 1.080(f) expires on April 12, 2011.

3.     Defendant is in the process of locating potential counsel to represent the defendant.

4.     Defendant is in the process of locating documents in which to frame an answer or otherwise defend.

5.     Plaintiff needs an additional 30 days to file an answer or otherwise defend.

**WHEREFORE**, defendant requests the court enter an order extending time to answer or otherwise defend to May 12, 2011.

John J. Anastasio, Esq.
Suite 203
3601 South East Ocean Boulevard
Stuart, Florida 34996
(772) 286-3336
Florida Bar #0722367
Attorney for the defendant

## CERTIFICATE OF SERVICE

I certify the above has been served on the following, this 6th day of April 2011 by regular mail on the following:

Nicholas T. Steffens & Associates, P.A.
5571 North University Drive, suite 101
Coral Springs, Florida 33076

John J. Anastasio

## CERTIFICATE OF SERVICE

I certify the above has been served on the following, this 18th day of April

2011 by regular mail on the following:

Nicholas T. Steffens & Associates, P.A.
5571 North University Drive, suite 101
Coral Springs, Florida 33076


s/John J. Anastasio
John J. Anastasio